# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BAC HOME LOANS SERVICING, LP,

Plaintiff,

v.

STONEFIELD II HOMEOWNERS ASSOCIATION, et al.,

Defendants.

2:11-CV-167 JCM (RJJ)

## ORDER

Presently before the court is defendants Southern Highlands Community Association and Alessi & Koenig, LLC's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) under Nevada Revised Statute § 38.310, or in the alternative, motion to compel arbitration. (Doc. #56). Defendants Canyon Crest Association and Las Brisas Homeowners Association filed limited joinders to the motion. (Doc. #68 and #104). Plaintiff BAC Home Loan Servicing, LP filed an opposition. (Doc. #118). Defendants Southern Highlands Community Association and Alessi & Koenig, LLC, filed a reply in support of the motion. (Doc. #120).

Plaintiff BAC Home Loan filed its complaint on January 31, 2011, requesting declaratory and injunctive relief. (Doc. #1). According to the complaint, BAC Home Loan services thousands of mortgage loans in Nevada on behalf of many holders of first deeds of trust, or "first security interests" for purposes of NRS § 116.3116. *Id.* It asserts that many of the properties it services are subject to the liens of homeowners' associations. *Id.* Such liens arise when the homeowners'

**James C. Mahan**
**U.S. District Judge**

associations' fees go unpaid by the homeowner. *Id.* Pursuant to NRS § 116.3116, the associations may impose a lien for "any penalties, fees, charges, late charges, fines and interest charged." NRS § 116.3116(1)(j)-(n). BAC Home Loan contends that the associations' liens become senior to it only "to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3116 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien." *Id.*

BAC Home Loan contends that if the amount owed for association assessment fees is not paid before the foreclosure sale, it tenders payments to the associations to "clear the cloud" on the title. Here, it asserts that it attempted to tender the amounts owed, but that "[s]everal trustees of homeowners' associations, including the trustee [d]efendants, have wrongfully rejected [its] tender." It asks the court to declare that (1) it has the right to pay-off or redeem an association's super-priority lien, and (2) that only budgeted common assessments, but not attorneys' fees or collections costs, are included within the super-priority lien amount under NRS 11.3116. Further, plaintiff asks this court for an injunction forcing the defendants to accept payment for only the super-priority amount, excluding any additional fees or costs.

**Motion To Dismiss**

In the present motion to dismiss (doc. #56), defendants contend that this court lacks subject matter jurisdiction because this action should be submitted to arbitration pursuant to NRS 38.320.

Under that section of the Nevada Revised Statute, "[a]ny civil action described in NRS 38.310 must be submitted for mediation or arbitration by filing a written claim with the [d]ivision." Section 38.310 provides that "[n]o civil action based upon a claim relating to:...(b) [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this [s]tate unless the action has been submitted to meditation or arbitration pursuant to the provisions of NRS 38.300 to 38.360, inclusive, and, if the civil action concerns real estate within a planned community subject to provisions of chapter 116 of NRS..." NRS § 38.310(1)(b). Additionally, subsection 2 of that same statute states that the "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." NRS

§ 38.310(2).

According to the definitions provided in NRS 38.300(1), "assessments" means "(a) [a]ny charge which an association may impose against an owner of residential property pursuant to a declaration of covenants, conditions and restrictions, including any late charges, interest and costs of collecting the charges; and (b) [a]ny penalties, fines, fees and other charges which may be imposed by an association..." Further, in section (3), "civil action" is defined as including "an action for money damages or equitable relief...," but excluding "an action in equity for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title to residential property." NRS § 38.300(3).

Here, as discussed above, the case stems from the plaintiff attempting to pay-off the association "assessment" fees owed to the association prior to the foreclosure sale. However, defendants have refused to accept tender, because they allege that they are entitled to "additional assessments" in the form of attorney's "fees" and the "costs of collecting" the association fees. Defendants contend that this action fits squarely within the definitions provided in NRS 38.300(1)(a) and (b) and (2) and § 38.310(1)(b), warranting dismissal. In the alternative, defendants suggest that the court should stay the proceedings and compel arbitration.

Plaintiff BAC Home Loan argues in its opposition (doc. #118), that arbitration is not required and defendants are interpreting the statutes incorrectly. Specifically, plaintiff asserts that (1) "§ 38.300(3)'s definition of a "civil action," as that term is used in [NRS] § 38.310, includes a claim for monetary damages or equitable relief; the definition *excludes* claims for declaratory relief," and (2) "[NRS] § 38.310's legislative history shows that Nevada's legislature never intended to compel a senior lien holder like BAC to arbitrate a dispute concerning the statutory interpretation of the Uniform Common Interest Ownership Act," but was intended "to compel community residents and the board to resolve their disputes through arbitration or mediation."

BAC Home Loan interprets NRS 38.300(3), the definition of "civil action," as excluding actions for declaratory relief, such as this, simply because declaratory relief is not specifically listed in the definition. Further, it argues that a request for the remedy of injunctive relief, such as that

sought here, is not encompassed in the definition either. To rebut this, defendants contend that the statute specifically set out what actions, i.e. injunctive relief with irreparable injury or those relating to the title of the property, were *excluded,* and did not list declaratory relief. Defendants argue that had it been the intention of the statute to exclude declaratory relief actions, it would have clearly been listed.

Plaintiff BAC Home Loan asserts that if the court finds the language of the statute is unclear or ambiguous, the legislative history demonstrates the intention of the statute was to settle disputes between *homeowners* and *association*s through arbitration and mediation. The court, however, need not look at the legislative history or read into the intent of the drafters, the statutes are clear.

The relevant statutes demonstrate that (1) "claims relating to" "increasing, decreasing or imposing additional assessments upon residential property" must be submitted to arbitration first, (2) "costs of collecting the charges" and "[a]ny penalties, fines, fees and other charges which may be imposed by an association..." are within the definition of "assessment," and (3) civil actions for "monetary damages or equitable relief" must be dismissed. NRS § 38.320(1), § 38.310(1)(b) and (2), and § 38.300(1)(a) and (b) and (3). As the complaint here arises from the defendants' increasing the amount of the assessments due to attorneys' fees and the costs in collecting the fees, the plaintiff was required to submit the claim to arbitration or mediation first. *Id.* Therefore, the court is inclined to dismiss the action without prejudice to allow the plaintiff to submit its claims to arbitration or mediation.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendants Southern Highlands Community Association and Alessi & Koenig, LLC's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) under Nevada Revised Statute § 38.310, or in the alternative, motion to compel arbitration (doc. #56) be, and the same hereby is, GRANTED.

. . .

. . .

. . .

IT IS THEREFORE ORDERED that the case of *BAC Home Loans Servicing LP v. Stonefield II Homeowners Association et al* (Case No. 2:11-cv-00167-JCM -RJJ) be, and the same hereby is, DISMISSED without prejudice.

DATED July 21, 2011.

_____
**UNITED STATES DISTRICT JUDGE**